### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TUNG NGUYEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    No. CIV-26-391-D |
| | ) |
| MR. F. FIGUREROA, | ) |
| | ) |
| Respondent. | ) |

### REPORT AND RECOMMENDATION

Petitioner Tung Nguyen, a noncitizen appearing pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Doc. 3. The undersigned recommends the Court dismiss the petition without prejudice.

### I.    Screening.

Habeas corpus relief is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). This Court must review a habeas petition and dismiss it "[i]f it plainly appears from the

---

[1]    This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[2] "The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241." *Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012); *see* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

## II.    Discussion.

The Court construes pro se pleadings liberally, applying a looser "standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a [petitioner's] complaint or construct a legal theory on a [petitioner's] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). If the Court may reasonably read the pleadings "to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*

---

[2]    Additionally, under Rule 2(c)(1)-(2) of the Rules Governing Section 2254 Cases, Petitioner must "specify all the grounds for relief available" to him and "state the facts supporting each ground."

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). And "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." *Id.*

The Petition does not meet the heightened habeas pleading requirements. The Petition consists of a handwritten copy of the Court's habeas petition form for 28 U.S.C. § 2241 petitions. The only information Petitioner provides to the Court is that he is currently detained at the Diamondback Correctional Facility, is in federal custody, and is being held on an immigration charge. *See* Doc. 1, at 1. He asks the Court for an order allowing him "to go home on supervision [to] be with [his] family and get [his] life back on track." *Id.* at 7.

The Petition is plainly legally insufficient. As a result, the Court must dismiss it without prejudice. *See* Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Should the Court adopt the undersigned's recommendation and allow Petitioner to file an amended petition, Petitioner should consider these general points:

(i)    The revised petition must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original).

(ii)   Each claim, together with the facts and citations that directly support it, should be stated separately. Petitioner should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.'" (internal citation omitted) (quoting *Twombly*, 550 U.S. at 565 n.10)).

(iii)  Petitioner must submit his revised petition on the proper form[3].

## III.   Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss this action without prejudice.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 2, 2026 in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Petitioner that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both

---

[3]    If the Report and Recommendation is adopted, the undersigned recommends that the Court direct the Clerk of Court to send Petitioner the appropriate forms.

factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 12th day of May, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE